IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

NOV 1 3 2018

**UNITED STATES OF AMERICA,**

v.  **CRIMINAL ACTION NO. 4:18cr23**

**BYRON HALE DELAVAN,**

**Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court the Government's Motion to Inquire About a Possible Conflict of Interest. The Court conducted a hearing on the matter on October 31, 2018. This Memorandum serves to explain the Court's ruling from the bench and the preceding Order. For the reasons set forth below, Trey R. Kelleter is hereby **DISQUALIFIED** from further representation of Byron Hale Delavan in this matter.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 12, 2018, a Newport News Division Grand Jury from the Eastern District of Virginia returned a twenty-three count indictment against Byron Hale Delavan ("Defendant") as well as co-defendant Neil Curry Smith. ECF No. 3. On July 17, 2018, the Defendant was charged in a thirty-five count Superseding Indictment. ECF No. 36. Throughout the proceedings, the Defendant has been represented by Trey R. Kelleter.

The instant case involves tax fraud and money laundering charges related to the Defendant's use of numerous entities that he owned. Specific transactions are alleged in the

1

Superseding Indictment, including checks that were issued to individuals signed by Missy Andrews ("Andrews") at the direction of the Defendant. *Id.* Andrews was familiar with various financial transactions conducted by the Defendant as she was the Defendant's assistant and a signatory on various accounts of the Defendant and his businesses. She is an anticipated witness for the Government and was interviewed by IRS-CID on December 15, 2016. ECF No. 57.

Separate from the instant case, the Defendant was previously the subject of prior investigations by the Federal Bureau of Investigation. *Id.* On July 12, 2010, Andrews was interviewed by FBI agents in the course of the prior investigation. *Id.* During that interview, Andrews was represented by Kelleter. *Id.* Andrews was questioned about her employment with the defendant, his various business entities and the financial arrangements and transactions related to those entities and the defendant. *Id.* According to testimony by Special Agent Michael McMahon, Kelleter indicated to federal investigators before the interview and during the interview that he represented Andrews.[1] Throughout the interview, Kelleter intermittently objected to lines of questioning and instructed Andrews not to respond to various questions. A twelve-page FBI FD-302 form ("the 302") was prepared as a result of that interview, and Attorney's Kelleter's representation of Andrews is reflected in the first paragraph of the 302.

The Government noticed the issue on October 25, 2018, and it directly informed Attorney Kelleter about the issue of his prior representation of an anticipated government witness at trial. ECF No. 57.

---

[1] During the hearing, Kelleter indicated he did not recall his relationship to Andrews and Andrews testified she did not recall whether Kelleter represented her at the interview. However, a letter provided to the Court indicates that on June 25, 2010, Kelleter "represent[ed] Mr. Delavan regarding any federal investigation that relates to him or any entity with which he is associated."

## II. LEGAL STANDARDS

The Sixth Amendment guarantees a criminal defendant the right to counsel of one's choosing. *See* Powell v. Alabama, 287 U.S. 45, 53 (1932). However, this right is not absolute, and "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). A defendant "should be afforded a fair opportunity to secure counsel of his own choice," *Powell*, 287 U.S. at 53, and the court "must recognize a presumption in favor of [a defendant's] counsel of choice," *Wheat*, 486 U.S. at 164. However, "a court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." *Id.* at 160; *see also* Fed. R. Crim. P. 44(c)(2). In balancing the competing interests at play, a district court has "substantial latitude" to deny a waiver of the conflict upon a "showing of a serious potential for conflict." *Wheat*, 486 U.S. at 163-64.

## III. DISCUSSION

The Court finds that Kelleter's continued representation of Defendant represents a serious potential conflict due to his prior representation of Andrews. The Government plans to call Andrews as a witness to prove the existence and extent of a tax fraud and money laundering scheme in which Defendant is alleged to have committed. Thus, at trial, one of Kelleter's objectives will be to impeach Andrews' credibility. Kelleter may have obtained material information during his brief representation of Andrews that may impact his cross-examination of Andrews during trial. This situation presents a clear conflict between Kelleter's current

representation of Defendant and Kelleter's duty of loyalty to his former client, Andrews. Under similar circumstances, the United States Supreme Court and several lower courts have disqualified the defense attorney. *See, e.g., Wheat*, 486 U.S. at 163-64; *United States v. Stewart*, 185 F.3d 112, 121 (3d Cir. 1999) (". . .[W]e have recognized that conflicts arise where a 'defendant seeks to waive his right to conflict-free representation in circumstances in which the counsel of his choice may have divided loyalties due to concurrent or prior representation of another client who is a co-defendant, a co-conspirator, *or a government witness.*' ") (citation omitted); *United States v. Millsaps*, 157 F.3d 989, 995-96 (5th Cir. 1998) (upholding district court's disqualification of a defense attorney from representing a defendant where the attorney also represented a government witness previously); *United States v. Moscony*, 927 F.2d 742, 750 (3d Cir. 1991) ("Conflicts of interest arise whenever an attorney's loyalties are divided, and an attorney who cross-examines former clients inherently encounters divided loyalties.") (citations omitted).

While the Court endeavors to honor defendants' choice of counsel, it also must ensure an effective advocate for each defendant and here, this latter task requires disqualifying a conflicted attorney. *See Wheat*, 486 U.S. at 159; *see also United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006) ("Nor may a defendant . . . demand that a court honor his waiver of conflict-free representation.").[2]

Accordingly, the Court finds that Kelleter must withdraw from representation of the Defendant. The case will be rescheduled After the Defendant has secured new counsel, until which time Defendant's additional motions, ECF Nos. 43-36, will not be reviewed by the Court.

---

[2] The Defendant has not requested the Court to wave a potential conflict. However, if the Defendant requested a waiver, under these facts the Court would not grant a waiver.
4

## IV. CONCLUSION

For the reasons set forth above, Defendant's counsel, Trey R. Kelleter is hereby **DISQUALIFIED** from further representation of Defendant in this matter. Kelleter is **DIRECTED** to advise the Court forthwith regarding whether Defendant will retain new counsel or require a court-appointed attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
November /3, 2018

Raymond A. Jackson
United States District Judge